IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CLINTON JAMES PEARSON, JR.,** ) | |
| **AIS 155536,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-656-RAH-CWB |
| ) | (WO) |
| **PATRICE RICHIE JONES, et al.,** ) | |
| ) | |
| Respondents. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the court is a *pro se* petition for writ of habeas corpus filed by Clinton James Pearson, Jr. ("Pearson"), an Alabama inmate, to seek relief under 28 U.S.C. § 2254. For the reasons discussed below, the undersigned Magistrate Judge recommends that Pearson's petition be dismissed.

**I.   Background**

Pearson is serving life sentences on three first-degree robbery convictions as entered by the Circuit Court of Montgomery County, Alabama in March 1997.[1] He initiated the present action on September 27, 2021 by filing a complaint on the standard form used to bring civil actions under 42 U.S.C. § 1983. (Doc. 1). In his complaint, Pearson claimed that Alabama authorities are unlawfully incarcerating him beyond his proper release date. (*See* Doc. 1 at p. 4). Pearson's claim was based on allegations that he is being wrongfully denied correctional incentive time deductions and that no time would remain on his sentences if he were given the deductions to which he is entitled. (Doc. 1-1 at pp. 1–2).

---

[1] See www.doc.state.al.us/inmatehistory (last visited February 14, 2023).

1

Because Pearson seeks release from incarceration, the court entered an Order (Doc. 5) consistent with the notice-and-warning requirements of *Castro v. United States*, 540 U.S. 375, 382–83 (2003), in which Pearson was informed that his complaint would be recharacterized as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Pearson was directed therein to inform the court whether he desired to: (1) proceed under § 2254 on the claims as recharacterized; (2) amend the petition to assert additional claims under § 2254; or (3) withdraw the petition. (Doc. 5 at pp. 1–2). Pearson in turn filed an amended pleading on the standard form used for § 2254 petitions. (*See* Doc. 7).

Respondents contend that Pearson is ineligible for correctional incentive time deductions and is not being held past his release date. (Doc. 24 at pp. 1–2). The undersigned agrees and recommends that Pearson's § 2254 petition be denied.[2]

## II. Discussion

It is clear that Pearson is serving a life sentence on each of three convictions for first-degree robbery, which is a Class A felony under Alabama law. *See* Ala. Code § 13A-8-41(c). The plain language of Ala. Code § 14-9-41(e) therefore renders Pearson ineligible for correctional incentive time deductions. *See* Ala. Code § 14-9-41(e)(1) a. & c. ("No prisoner may receive correctional incentive time [if] . . . [h]e or she has been convicted of a Class A felony [or] . . . has been sentenced to life[.]"). Respondents further have offered the affidavit of Alconia Terry, Director of Records for the Alabama Department of Corrections, who has confirmed under oath that Pearson is deemed ineligible for correctional incentive time deductions. (Doc. 24-1 at pp. 1–2). Because he is serving a life sentence and ineligible to receive correctional incentive time deductions, Pearson

---

[2] Respondents also assert that Pearson has not exhausted his claim in state court. (*See* Doc. 24 at pp. 1–2). Because Pearson's claim lacks merit, the undersigned pretermits discussion of the exhaustion issue.

has no end-of-sentence date and no calculable release date, *i.e.*, he has failed to demonstrate that he is being held unlawfully.[3]

## III. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Pearson's petition for writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and that this action be **DISMISSED** with prejudice.

It is hereby **ORDERED** that any objections to this Recommendation must be filed by March 3, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 17th day of February 2023.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The undersigned notes, however, that Respondents have acknowledged that Pearson has a parole review date set for November 2026. (Doc. 24 at p. 1).